IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NOEL ROSADO, | : | |
|     Petitioner, | : | |
| | : | |
| v. | : | CIV. NO. 06-4080 |
| | : | |
| GERALD ROZUM, et al., | : | |
|     Respondents. | : | |

## ORDER

**AND NOW**, this _____ day of October, 2007, it is **ORDERED** that the Report and Recommendation of U.S. Magistrate Judge Linda K. Caracappa ("R&R") is **APPROVED** and **ADOPTED**.[1] Petitioner's objections to the R&R are overruled, and the Petition for Writ of

---

[1] Petitioner appears to be making two objections to the R&R: (1) The incorrect legal standard was applied to his ineffective assistance of counsel claims, and (2) sentencing counsel's failure to object to the imposition of a sentence longer than the applicable Pennsylvania Sentencing Guidelines maximum (yet still authorized by statute) constituted a separate factual basis for ineffective assistance. Objections ¶¶ 2, 5. I will address each objection in turn below.

    First, Petitioner claims that Williams v. Taylor, 529 U.S. 362 (2000) (interpreting the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provisions on deference to state court decisions) and Strickland v. Washington, 466 U.S. 668 (1984) (enunciating the test for Sixth Amendment ineffective assistance) do not provide the appropriate analytical framework for evaluating his ineffective assistance claims. Objections ¶ 2. Petitioner is mistaken. It is true that the R&R applied the AEDPA standard for habeas court review of state court application of law. R&R 6-8. It is also true that the state court whose law application was being reviewed decided the ineffective claims under the Pennsylvania Constitution rather than the Federal Constitution. Ex. E 3-5 (Court of Common Pleas PCRA Opinion), F 4-6 (Superior Court PCRA Opinion). But, the ineffective assistance standard under both constitutions is the same. Commonwealth v. Pierce, 527 A.2d 973, 976 (Pa. 1987) (Strickland test applied to Pennsylvania as well as federal ineffective assistance claims). Thus, the state court in effect did decide Petitioner's Sixth Amendment claims. It was therefore appropriate for the R&R to evaluate those claims using the deference required by Williams.

    Second, Petitioner claims that sentencing counsel was ineffective for not objecting when the judge imposed a sentence exceeding the applicable Pennsylvania Sentencing Guidelines maximum yet still authorized by statute. Objections ¶ 5. To show ineffectiveness, Petitioner must demonstrate that counsel's performance was deficient and that it prejudiced Petitioner. Strickland, 466 U.S. at 687. To prove prejudice, Petitioner must demonstrate that there is a reasonable probability that, had counsel performed adequately, the result of the proceeding in which deficient performance is alleged would have been different. Id. at 694.

Habeas Corpus is **DENIED** with prejudice. There is no probable cause to issue a certificate of appealability.

The Clerk of the Court shall mark this case closed for statistical purposes.

S/ANITA B. BRODY,
Anita B. Brody, J.

**COPIES VIA ECF ON ___ TO:**     **COPIES VIA U.S. MAIL ON ___ TO:**

O:\ABB 2007\rosado habeas deny.wpd

---

In this factual context, Petitioner must demonstrate a reasonable probability that, had counsel objected, the judge would have imposed a lighter sentence. Petitioner has not and cannot make such a showing. Before Petitioner's guilty plea, the judge told Petitioner, and Petitioner said he understood, that he could impose a 20-year prison term notwithstanding the Pennsylvania Sentencing Guidelines. Ex. B 38 (Transcript of PCRA Hearing), C 8 (Transcript of Guilty Plea Hearing). The statute authorizing the 20-year maximum does not require the Commonwealth to prove anything beyond what it had to prove to convict, so it is not at all clear what effect an objection to Petitioner's sentence would have had. 18 Pa. C.S. § 1103(1). Petitioner therefore cannot prove that there is a reasonable probability that an objection would have resulted in a sentence lighter than the 18-year term actually imposed. Thus, he cannot meet the Strickland prejudice inquiry. U.S. v. Gormley, 2007 WL 2189424, *2-*3 (3d Cir. July 12, 2007) (failure to object to sentence exceeding federal sentencing guideline maximum but still authorized by statute not ineffective assistance).